CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 10 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:14CR00045 |
| | ) (CASE NO. 7:16CV81206) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| RANDA MICHELLE SPENCER, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

Randa Michelle Spencer, a federal inmate proceeding pro se, filed a motion citing 28 U.S.C. § 2255 and seeking a reduction in her sentence of imprisonment. Based on a possibility that Spencer intended to challenge the validity of her current criminal sentence as imposed on this and other grounds, and because she had not yet pursued a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, the court construed her submission as a § 2255 motion. Upon review of the motion and court records, however, the court concludes that this conditionally filed § 2255 action must now be dismissed without prejudice.

Spencer pleaded guilty in this court to one count of conspiring to distribute methamphetamine. For this offense, the court sentenced her on October 13, 2015, to 168 months in prison. The judgment was entered on October 14, 2015, and Spencer did not appeal.

Spencer filed her current motion seeking a sentence reduction in late October 2016. By order entered November 1, 2016, the court issued an order, notifying her that the motion had been conditionally filed as a § 2255 motion; the order also directed her to submit within ten days a written objection to the court's construction of her submission as a § 2255 motion or to submit an amended § 2255 motion, stating her claims for relief. See Castro v. United States, 540 U.S. 375 (2003) (finding district court must offer defendant opportunity to agree to court's stated intention to address a post-conviction motion as an initial § 2255 motion). The November 1

order stated that "[f]*ailure to comply with this Order will result in the dismissal of the conditionally filed § 2255 action without prejudice.*" The copy of the order mailed to Spencer was returned to the court on November 29, 2016, and remailed to her the same day.

Since that date, the court has had no further communication from Spencer. Thus, the allotted time for submission of the objection or the § 2255 motion has elapsed without a response from Spencer. Accordingly, the court will dismiss the conditionally filed § 2255 action without prejudice.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to defendant.

ENTER: This 9th day of January, 2017.

_____
Chief United States District Judge

---

[1] In any event, the court notes that Spencer's claim for relief is not properly raised in a § 2255 motion. Specifically, she seeks a sentence reduction under Amendment 794 to the U.S. Sentencing Guidelines Manual ("USSG"), based on what she characterizes as her minor role in the drug activities that led to her conviction and sentence. Amendment 794 took effect on November 1, 2015, after Spencer was sentenced. Thus, Spencer's § 2255 claim—that her sentence is erroneous and must be modified because the court failed to consider the not-yet effective Amendment 794—is without merit.

A claim for sentence modification based on a post-sentencing guideline amendment can be raised under 18 U.S.C. § 3582(c) in certain circumstances. In Spencer's case, however, the court has no jurisdiction to address such a claim, because the court has already considered and denied her prior motion for reduction under § 3582(c), based on Amendment 794. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).